**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOY FEINBERG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-8808 |
| | ) | |
| v. | ) | Hon. Franklin U. Valderrama |
| | ) | Hon. Daniel P. McLaughlin |
| PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR
LEAVE TO FILE CLAIM RECORD UNDER SEAL**

Plaintiff, Joy Feinberg, by her attorneys, hereby seeks leave of Court to file the Defendant's claim documentation (ERISA claim file) pertaining to this matter under seal; or, in the alternative, to restrict access to the documentation to the federal courthouse. In support thereof, Plaintiff states:

1.      On or before June 15, 2026, Plaintiff will be filing her opening dispositive pleading and the ERISA claim record in this matter.  Plaintiff filed this suit against the defendant, Prudential Life Insurance Company of America  ("Defendant" or "Prudential"), under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, seeking an award of accidental death insurance indemnity benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). This disposition of this case will involve the Court's review and consideration of an evidentiary record that is nearly three thousand pages in length compiled by Defendant during the course of the claim and any appeals that preceded this litigation and consists primarily of the decedent's medical records, which the Court will need to review to decide this matter.

2.      The Defendant's accidental death insurance claim file was produced by Prudential during the litigation with Bates stamp pagination. In addition to the decedent's medical records, the claim file

contain hundreds of instances of the appearance of the decedent's date of birth and Social Security number without redaction.

3.      Plaintiff acknowledges the legal standard applied in ruling on a motion such as this is that documents may be filed under seal only where the public's right to access to judicial records is outweighed by competing interests.  As explained in *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999), the balance between the public's rights and privacy interests of litigants "can be overridden only if the latter interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case."  Plaintiff acknowledges that the circumstances surrounding her late husband's death will need to be made a matter of public record, and that the Court may need to discuss the content of the medical records in its ruling on this matter.

4.      However, although this is not an administrative review proceeding, the nature of this matter is somewhat analogous to a Social Security disability judicial review proceeding pursuant to 42 U.S.C. § 405(g), where access to the administrative record is restricted and electronic access is available only in the courthouse. Fed. R. Civ. P. 5.2(c). According to the Advisory Committee Notes accompanying Fed. R. Civ. P. 5.2, Social Security administrative records "are entitled to special protection due to the prevalence of sensitive information and the volume of filings." The same considerations apply here and have been recognized by various courts that have permitted ERISA claim records such as the one in this case to be filed under seal.  *See, e.g., Hans-Atchison v. Anthem Ins. Co.,* 2024 U.S. Dist. LEXIS 205729 (M.D. Fla. November 13, 2024); *Gibson v. Unum Life Ins. Co. of Am.,* 2024 WL 4694106 (S.D. Ohio, November 6, 2024); *Price v. Hartford Life and Accident Insurance Company*, 2022 U.S. Dist. LEXIS 38282, 2022 WL 656613 (S.D. Ohio March 4, 2022); *Sullivan v. Deutsche Bank Americas Holding Corp.,* 2010 U.S.Dist.LEXIS 94908 (S.D.Cal. September 13, 2010); *Sullivan v. Prudential Ins.Co. of America,*

2012 U.S.Dist.LEXIS 123269 (E.D.Cal. August 29, 2012), and *Gary v. Unum Life Ins. Co. of Am.,* 2018 U.S.Dist. LEXIS 64186 *8, 2018 WL 1811470 (D. Ore. April 17, 2018).

5.      In addition, Fed. R. Civ. P. 5.2 forbids the electronic filing of documents containing personal identifying information such as Social Security numbers and dates of birth. The burden of searching for and redacting each instance in which a personal identifying number is found in the decedent's medical records constitutes additional good cause for sealing the records.

6.      Based on the foregoing authorities, and consistent with the rules relating to Social Security records, the ERISA claim files should be maintained under seal; or at the very least, be maintained in the public record with accessibility limited to the courthouse.  However, the parties contemplate that the briefs filed in this matter will not be redacted or filed under seal.

7.      Although Plaintiff seeks leave to file the ERISA claim record under seal, she is not seeking leave for any briefing that may be filed in this matter to be filed under seal or with redactions.

9.      Prior to filing this motion, Plaintiff's counsel conferred with counsel for Defendant who indicated that Defendant has no opposition to this motion.

WHEREFORE, Plaintiff prays that the Court grant her leave to file the above-described document under seal or, in the alternative, restrict access to the documents.

Respectfully submitted,

/s/ *Mark D. DeBofsky*
*Attorney for Plaintiff*

Mark D. DeBofsky
DeBofsky Law, Ltd.
2 N. Riverside Plaza, Suite 1420
Chicago, IL 60606
 (312) 561-4040 (phone)
 (312) 800-4426 (fax)
mdebofsky@debofsky.com

3

## CERTIFICATE OF SERVICE

Mark D. DeBofsky, the attorney, certifies that on June 8, 2026, he served the foregoing Motion upon all counsel of record entitled to receive notice by electronic service via the CM/ECF system maintained by the Clerk of the U.S. District Court.

/s/ Mark D. DeBofsky
Mark D. DeBofsky